[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Branford, Connecticut on May 9, 1992. The birth name of the plaintiff was Hagen. The parties have no minor children, issue of this marriage. The parties have been residents of the State of Connecticut for the statutory period CT Page 4476 conferring jurisdiction on this court.
The parties, through counsel, previously stipulated that the value of the marital home is One Hundred, Thirty-five Thousand ($135,000.00) Dollars.
The plaintiff testified that the cause of the breakdown of this marriage was the defendant's infidelity. She claims that the person identified as the "other woman" currently resides with the defendant in the marital home and moved into that property one week after the plaintiff removed herself and her son, who recently became an adult, from that home into an apartment.
The parties moved in together in 1989 after his first divorce action was filed. (Defendant's 1) They shared expenses and used credit cards, which she claimed she was responsible to pay.
The plaintiff testified that she had covered the defendant and his children from his prior marriage on her `medical insurance, because it was affordable for this extended family. The former wife of the defendant and mother of those children enrolled them on her policy in January of 1997. The pendente lite order of alimony was paid to cover the cost to her of that health insurance coverage for those children. She seeks reimbursement for all premiums paid on their behalf during the term of this marriage.
On cross-examination, she conceded that the cost of the health insurance was not increased due to her covering the two children of the defendant. She was paying for the defendant and her son and herself. There was no further cost for three or more people in one family.
Her son actually left prior to her quitting the marital premises, sometime in the spring of 1996, just before she filed for divorce. He had been a resident of the parties' home since 1989, when the parties first began cohabiting.
She agreed that the defendant assisted her in the purchase of a living room set, and a bed. He bought those items for her, and they do not appear as debts on either financial affidavit. She believed that the furniture cost a bit more than One Thousand ($1,000.00) Dollars. She testified on redirect that they had trouble getting their living room set into the marital home when they purchased it, and they decided that she should buy a new CT Page 4477 set. The defendant claimed that he had expended Two Thousand ($2,000.00) Dollars on the furniture and furnishings for her new apartment. She had claimed that the defendant had paid cash for his snowmobile and Chevelle. He testified that he paid for the Chevelle with a settlement from the Town of Wallingford, concerning payment for water and sewer use.
The plaintiff has no available funds to pay her attorney's fees and makes a claim for contribution by the defendant. The plaintiff agreed that the business of the defendant, which is installing seamless gutters, is somewhat seasonal, although she claimed that he was quite busy the past two winters.
The plaintiff is obligated on the second mortgage, in the approximate amount of Thirty-nine Thousand ($39,000.00) Dollars. He continues to be obligated financially to the first Mrs. Atwater. She believes that he had been current in those payments, but does not know what the status of those payments at this time.
The plaintiff currently leases a new automobile and pays approximately Two Hundred, Forty ($240.00) Dollars per month. She used her old vehicle as a trade in and claimed that she made no cash down payment on that lease.
On redirect, the plaintiff testified that the children of this blended family get along well together, and that Mr. Atwater daughter spends overnights with her. She said the only difficulty was in the relationship between the defendant and her son.
The plaintiff called the defendant to testify. He testified that he felt the dissolution was happening because of accusations against him of infidelity, and that there were problems with her son from an earlier relationship. He claimed that the problems were not major until he got older. The defendant claimed that the child stole money from him, and punched holes in walls in the home.
He was examined as to his financial from his previous dissolution, which was introduced as Defendant's Exhibit 3. He claims the same income on that affidavit as he does on his current affidavit. He denies that he resides with a woman in the home. He currently claims over Eight Hundred ($800.00) Dollars in expenses, with a Five Hundred ($500.00) Dollar shortfall. The affidavit is clearly not credible. While the plaintiff shows some shortfall in her income and expenses, it is not as vast as the CT Page 4478 defendant's. He claimed that his business account with the Dime Savings Bank is approximately Eight Hundred ($800.00) Dollars overdrawn, and he has some incidental personal funds in his checking account. He claims that both the first and second mortgages are in arrears for two (2) months.
He claimed that he was paying the charge cards, but for the Discover card which he said she agreed to pay while she paid off her charges in the fall of 1996, then he would take back the balance. He testified that none of the bills he has for the household or for charge cards are being paid in a timely fashion.
The defendant testified that he bought the Chevelle five or six years ago, for Five Thousand ($5,000.00) Dollars, and that he may have put another Two Thousand ($2,000.00) Dollars. He claims it now has a blown transmission and that he has not driven it since mid-1996.
The defendant testified that he believed that the plaintiff moved in about two years after his divorce, in 1991. Her son also moved in. He claimed that he was prepared to deal with the problems with her son, but denied categorically that he had a woman living with him. The court does not find his testimony credible, in light of the totality of the testimony, and the other allegations concerning financial matters. The court does not believe that the plaintiff would otherwise have been motivated to move away from a home in which she shared title and obligation on the second mortgage. Her life has been disturbed for some reason, and the cool denial of the defendant was not persuasive.
He paid all of the utilities, insurances, and mortgages, until she made a contribution toward the second mortgage after they put an addition on the marital home. His first ex-wife has an interest in the marital home, but had released her interest so they could borrow to add on and pay debts in 1995. During this proceeding, the defendant caused to be placed on the land records a mortgage evidencing the remaining debt to his first ex-wife.
The defendant claimed that the plaintiff increased the debt on all of the credit cards, and that he had had the Discover card shut off after the separation of the parties. The card is well over the limit and the fees have been added to the balance originally due based upon lack of payment thereon, all to the detriment of the parties. CT Page 4479
The defendant admitted in his cross-examination on his own case that he was in arrears in the payment of child support by about three weeks, but that he customarily gave that money to his ex-wife when he saw her. He agreed that giving the plaintiff in this case another One Hundred ($100.00) Dollars per week would really be difficult for him.
The plaintiff seeks relief as enumerated in her Claims for Relief, and argues that the case turns on the credibility of the parties. Their requests are not so disparate that it presents a major decision for the court, but certain issues are of long-term importance to the parties. The court inquired as to whether or not the parties had contemplated bankruptcy, and they had but would prefer not to file such a petition. The court has some concerns about the long-term stressors of maintaining the marital home in light of the consumer debt which the defendant has agreed to pay.
The court finds that the marriage of the parties has irretrievably broken down and hereby enters a decree dissolving the marriage. In light of the statutory criteria enunciated in C.G.S. Sec. 46b-81, the court has assessed the evidence and the exhibits, and makes the following awards with respect to the claims of the parties:
1) REAL ESTATE: The plaintiff shall quit claim her interest in the marital home at Three Middle Lane, Wallingford, Connecticut to the defendant, who shall pay all related mortgages and expenses with respect to that property, and hold the plaintiff harmless therefrom. Such obligation shall be non-dischargeable in bankruptcy. The defendant shall pay the sum of Five Thousand ($5,000.00) Dollars to the plaintiff as her share in the present equity in the marital home. Such payment shall be at the rate of Three Hundred ($300.00) Dollars per month on the 15th of each month commencing June 15, 1997. Such payment shall be accelerated and the balance paid upon the remarriage of the defendant, his cohabitation pursuant to the language of the statute, refinance or sale of the marital home. Such indebtedness shall be secured by a promissory note, with interest at five (5%) percent of any balance.
The defendant shall use his best efforts to remove the plaintiff's name from the first and second mortgage obligations securing the marital home within one (1) year from the date of CT Page 4480 this judgment. His failure to do so within five (5) years of the date of the judgment shall require him to sell the marital residence.
2) MEDICAL INSURANCE: The plaintiff seeks reimbursement for expenditures made during the course of the marriage for the extended family members. The evidence is clear that there was no additional cost to her for the inclusion of the defendant's children. The court finds that it would not be appropriate to grant her request.
3) PERSONAL PROPERTY: The plaintiff shall be entitled to retrieve her personal belongings and effects which remain in the marital home within thirty (30) days of the date of judgment.
4) DEBTS: The defendant shall be responsible for the debts on his financial affidavit and hold the plaintiff harmless therefrom. This order shall be nondischargeable in bankruptcy. The defendant shall pay the sum of One ($1.00) Dollar per year as alimony for debt indemnification purposes only, for the consumer debt, and the mortgage debt.
5) COUNSEL FEES: The defendant shall make a contribution to the counsel fees of the plaintiff in the amount of One Thousand ($1,000.00) Dollars. Such payment may be made directly to counsel on a periodic basis as determined between counsel.
Judgment shall enter consistent with these orders.
DRANGINIS, J.